UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KAREN LANCE<br>      Plaintiff,<br><br>vs.<br><br>RELIANCE STANDARD LIFE<br>INSURANCE COMPANY<br>      Defendant. | )<br>)<br>)<br>) CAUSE NO. 3:22-cv-8<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, Karen Lance ("Lance"), and for her Complaint against the Defendant, Reliance Standard Life Insurance Company ("Reliance"), states as follows:

GENERAL ALLEGATIONS

1. At all times relevant to this Complaint, Lance was a resident of this judicial district.

2. At all times relevant to this Complaint, Reliance was and is a disability benefits carrier providing "Long Term Disability ("LTD")" benefits subject to the requirements of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

3. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

4. Venue is proper in the United States District Court for the Southern District of the State of Indiana under 29 U.S.C. § 1132(e)(2).

5. Reliance's policy and all of its provisions are incorporated herein by reference, and a copy of its policy is attached hereto as Exhibit "A" and made a part of this Complaint (the "Policy").

6. Lance became a participant in the Policy through her employment with Old National

Bancorp ("ONB"), and, at all times relevant to this Complaint, Lance was a qualified participant in the Policy.

7. In 2017, Lance fell, hitting her head on concrete. After her fall, she suffered from post-concussion syndrome, and she continues to suffer from symptoms related to her fall.

8. In addition, Lance suffers from multiple complex medical conditions, including Ehler-Danlos syndrome, complex endocrine conditions (including adrenal insufficiency and hypothyroidism), a suspected cerebrospinal fluid ("CSF") leak, and marked neural foraminal stenosis of the lumbar spine.

9. Lance regularly experiences severe fatigue, shortness of breath, balance issues, muscle weakness, joint pain, migraines, vision issues, loss of sensation, and light sensitivity. She is treated by numerous specialists for her conditions.

10. In 2017, Lance was approved for and received Short Term Disability ("STD") benefits through her employer.

11. After Lance exhausted her STD benefits, Reliance approved Lance's application for LTD benefits.

12. In late 2017, despite her condition, Lance attempted to return to work at her prior position on a part-time basis.

13. By January, 2018, it was apparent that Lance could not continue to work given her condition, and she stopped working. She was approved for Social Security Disability benefits in February, 2020 (and was awarded retroactive benefits), and she still receives those benefits.

14. Lance continued to receive the LTD benefits for which she was approved until Reliance terminated her benefits effective January 1, 2021, claiming that Lance no longer meets the definition of "Total Disability."

15. Lance timely appealed Reliance's termination of benefits.

16. On March 8, 2021, Reliance denied Lance's appeal.

17. On or about August 20, 2021, Lance again timely appealed Reliance's denial.

18. On or about December 14, 2021, Reliance denied Lance's second appeal. The denial does not, as required by law, make specific reference to Policy provisions on which the denial was based. Further, the denial does not, as required by law, give specific reasons for the denial.

19. In her appeal, Lance submitted opinions from specialists and a vocational expert opining that Lance is unable to work. Reliance did not consider or even address those opinions in its December 14, 2021 denial. In fact, Reliance did not cite to any evidence in the record to support its decision.

## CLAIM FOR RECOVERY OF BENEFITS

20. Lance incorporates herein by reference each and every allegation contained in paragraphs 1 through 19.

21. Under the terms of the Policy, Lance meets the definition of "Total Disability" and is entitled to Long Term Disability benefits.

22. Lance has complied with all the conditions of the Policy.

23. Reliance has breached the terms of the Policy by denying Lance benefits, and its decision is not supported by substantial evidence. Further, Reliance's decision was arbitrary, illegal, capricious, unreasonable, and not made in good faith.

24. As a direct and proximate result of Reliance's actions, Lance has been denied benefits which are due and owing to her and has incurred attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Lance requests judgment against Reliance as follows:

A.   Ordering Reliance to pay Lance all benefits due Lance under the Policy;

B.   Awarding Lance prejudgment interest;

C.   Awarding Lance attorney fees, court costs and all other reasonable costs incurred; and

D.   Granting Lance such other and further relief as the court may deem just and proper.

BARBER & BAUER, LLP
124 SE First Street, Suite 101
Evansville, Indiana 47708
Telephone: (812) 425-9211

By: _____*/s/ Erin Bauer*_____
         Erin Bauer, No. 27733-82